22158

In the Matter of Samuel B. MITCHELL, III.

(319 S. E. (2d) 705)

Supreme Court

*Atty. Gen. T. Travis Medlock, Sr. Asst. Atty. Gen. Richard B. Kale, Jr., and Asst. Atty. Gen. Clifford O. Koon, Jr., Columbia, Complainant.*

*Samuel B. Mitchell, III, Charleston, pro se.*

Heard June 20, 1984.

Decided Aug. 20, 1984.

*Per Curiam:*

In this attorney disciplinary proceeding, the Respondent, Samuel B. Mitchell, III, is charged with misconduct tending to bring the Courts and the profession into disrepute. The Hearing Panel found that the Complaint had been proved and *unanimously recommended that the Respondent be dis-*barred. Thereafter, the Executive Committee of the Board of Commissioners on Grievance and Discipline voted unanimously (4-0 with one member not participating) to accept the recommendation of the Hearing Panel and recommended to this Court that the Respondent be disbarred. A Rule to Show Cause was issued by this Court giving Respondent the opportunity to contest. He did not appear. We accept the recommendation and order his disbarment.

The charges are:

(1) During the fall of 1978, Complainant Jack Englebert retained Respondent Mitchell to collect a debt owed to him by Gaskins. The debt involved certain sums which Englebert was forced to pay a bank after signing as an accommodation maker on behalf of Gaskins. An Order of Judgment was obtained and a supplemental hearing was set for the purpose of ascertaining and pursuing the assets of Gaskins. The Respondent failed to appear and the supplemental proceeding was dismissed. No action was taken on the case by Respondent until this grievance was filed.

(2) In March 1980, Complainants Prices retained Respondent Mitchell to file an Answer to a lawsuit wherein the Prices were sued. Respondent neglected to file an Answer and a judgment was obtained by default. Respondent moved to vacate the default. This motion was denied. Thereafter, he represented to his clients that the case was active but could not be reached before the spring of 1981. On other occasions, he represented to his clients that the case was still to be tried. His clients procured other counsel and learned, but not until May 25, 1981, that the matter was actually in default.

(3) In April 1979, Respondent represented to Complainant Yahnis that Roscoe B. Fountain, Jr., had a $10,000 claim against a partnership in which Respondent and Yahnis owned an interest. He thereby induced the Complainant to co-sign a note in favor of Fountain for $10,000. In actuality, the debt was not that of the partnership. Fountain ultimately brought suit on the note and the Complainant was forced to pay the principal plus attorney fees.

(4) In June 1979, Respondent induced Complainant Yahnis to cosign a note with him for $26,780 by falsely representing that the funds were needed for their partnership business. In fact, Respondent used the funds to pay his personal debts. The Complainant was ultimately required to pay the principal and interest represented by the note.

(5) In October 1979, Respondent executed a deed purporting to convey to Complainant Eagerton his title and interest in realty wherein, in fact, he owned no such interest. The deed was delivered to Eagerton to be held in trust (as a mortgage) for security for a loan made by Eagerton to the Respondent. After Respondent defaulted, Eagerton recorded the deed. Subsequently, Eagerton was required to obtain an attorney to remove a cloud from the title to the property.

(6) Between February 1977 and June 1978, Respondent maintained a trust account with the First National Bank. On at least thirty-five occasions during this period, the trust account was overdrawn. During this time, at least one hundred checks were drawn upon this account when insufficient funds were held by the bank to honor payment.

We agree with the Hearing Panel and with the Executive Committee that the Respondent, Samuel B. Mitchell, III, has been guilty of misconduct which brings the courts and the legal profession into disrepute. While the first and second counts standing alone might not warrant the sanction we impose, there can be no doubt but that counts three, four, and five, wherein friends and clients imposed their trust in the Respondent who caused them to lose substantial sums of money, require Respondent's removal from the profession. Respondent violated several Disciplinary Rules: DR 1-102(A)(1), (3), and (4); DR 5-104(A); DR 6-101(A)(3); and DR 9-102(A). All charges enumerated above have been proved beyond a reasonable doubt.

Although the Respondent did not appear before the Hearing Panel or the Executive Committee or this Court as permitted by our Rule to Show Cause, he has filed with this Court instruments alleging lack of due process. We have fully considered his positions and find them without merit. He has simply failed to avail himself of ample opportunity to appear and be heard.

It is therefore the order of this Court that Respondent, Samuel B. Mitchell, III, be, and is hereby, disbarred from the practice of law in South Carolina.

It is further ordered that he shall, within five days from notice of the filing of this Order, deliver his certificate to practice to the Clerk of the Supreme Court of South Carolina.

Disbarred.